IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF THOMAS C. COOK, ESQ., BAR NO. 5266.

No. 72015

FILED

JUN 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Thomas C. Cook. Under the agreement, Cook admitted that he negligently violated RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), and RPC 8.1 (bar admission and disciplinary matters) for failing to adequately represent a client in a justice court action. Cook agreed to a 30-day suspension, to pay $2,642.81 in restitution to his client, and to pay SCR 120(1) fees in the amount of $2,500, and $367.45 for the actual costs of the disciplinary proceeding.

Based on our review of the record and weighing "the dut[ies] violated, [Cook's] mental state, the potential or actual injury caused by [Cook's] misconduct, and the existence of aggravating or mitigating

17-19915

factors," *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008), we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). In particular, Cook negligently failed to perform services for a client and engaged in a pattern of neglect that caused injury or potential injury to a client. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards,* Standards 4.42 (a), (b), and 8.2 (Am. Bar Ass'n 2015) (providing that, respectively, absent aggravating or mitigating circumstances, reprimand is the appropriate discipline for negligently failing to perform services for a client and engaging in a pattern of neglect that causes injury or potential injury to a client, but suspension is warranted when the lawyer has already been reprimanded for similar conduct). The record supports three aggravating circumstances (prior disciplinary offenses, pattern of misconduct, and substantial experience in the practice of the law) and two mitigating circumstances (absence of a dishonest or selfish motive and personal or emotional problems). Considering all of these circumstances, the agreed-upon discipline is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

We hereby suspend attorney Thomas C. Cook from the practice of law in Nevada for a period of 30 days, commencing from the date of this order. Cook shall also pay $2,642.81 in restitution to his client as required by the conditional plea agreement. Lastly, Cook shall pay SCR 120(1) fees in the amount of $2,500, and $367.45 for the actual costs

of the disciplinary proceeding. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.    _____, J.
Douglas                          Gibbons

_____, J.    _____, J.
Pickering                        Hardesty

_____, J.    _____, J.
Parraguirre                      Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
       The Law Offices of Thomas C. Cook, Ltd.
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court